McGoldrick (Albert W. Venino, of counsel), for respondent.

FITZSIMONS, C. J. The defendant employed Norton & Co. as contractors to make certain alterations in its road, so as to allow defendant to use electricity as a motive power, instead of the underground cable then in use. The contractors employed plaintiff as an iron worker in connection with said work, and on the day he was injured he was actually engaged at his work. He was struck by one of defendant's cars, and was severely injured. While the workmen were at work, defendant's cars were running as usual. Of course, plaintiff was aware of that fact, and defendant's motorman also knew that the workmen were doing the work assigned to them. Under these circumstances, both plaintiff and defendant's employés were required to use due care and prudence. Plaintiff, while employed, was bound to use reasonable care to note the approach of cars, and defendant's motormen were bound, at least when approaching a workingman employed along the track, to use ordinary care, so as not to injure him, and were bound, under the circumstances, to have their cars under such control that they could be stopped almost instantly. It appears that at the time plaintiff was injured he was putting a nut on a bolt in an expansion box; that before he stepped upon the track, which he had to do to perform said work, he looked down the track, but no car was in sight. He continued said work until he was knocked down and injured. As before stated, no signal was given, nor was he aware of its presence, until the car was upon him, when he endeavored to escape; but it was then too late for him to do so, and he was carried along by it for about 20 or 30 feet. Evidently the jury believed plaintiff's version of this matter to be true, and, so believing, of course, determined that plaintiff was not negligent, and that defendant was. The evidence is more than sufficient to sustain such a conclusion. Upon the question of damage, the finding of the jury, we think, is reasonable. It appears that plaintiff's leg was broken, and he was otherwise injured, and that for 11 months he was unable to work, and suffered considerable pain. The jury awarded him $912, which is not excessive. The defendant also contends that either the plaintiff or his employés were bound to furnish a watchman to warn him and other employés of the approach of cars. No such duty rested upon either of them. We find no error was committed in the admission or exclusion of evidence, and defendant has not pointed out any such error. The charge of the jury is unexceptional. The defendant evidently thought so at the trial, because no exception to it was taken. Judgment must be affirmed, with costs. Judgment affirmed, with costs. All concur.

SABEL et al., Respondents, v. LOEWENSTEIN et al., Appellants. (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by William R. Sabel and others against Monroe Loewenstein and others. M. S. Guiterman, for appellants. H. Peck. for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

SALISBURY, Respondent, v. E. W. HOWELL CO., Appellant. (Supreme Court, Appellate Division, Third Department. January 14, 1902.) Action by Robert E. Salisbury against the E. W. Howell Company. No opinion. Judgment and order affirmed, with costs. All concur, except PARKER, P. J., who dissents.

SAMMONS. Respondent, v. CITY OF GLOVERSVILLE, Appellant. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by Sampson Sammons against the city of Gloversville. No opinion. Judgment unanimously affirmed, with costs. See 70 N. Y. Supp. 284.

SANDERSON v. HANDY et al. (Supreme Court, Appellate Division, Fourth Department. January 28, 1902.) Action by Clinton Sanderson against Lora A. Handy and another. No opinion. Plaintiff's exceptions overruled, motion for new trial denied, and judgment dismissing the complaint ordered for the defendants, with costs, without prejudice to plaintiff's right to restrain by proper action any unlawful interference with his rights in the dam in question.

SAPERY et al., Appellants, v. LOWENSTEIN et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. January 21, 1902.) Action by Sarah Sapery and another against Benjamin Lowenstein and another. No opinion. Judgment affirmed, with costs.

SASS, Appellant, v. ASMUTH et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) Action by Herman Sass against Louis Asmuth and others. No opinion. Judgment affirmed, with costs.

SCANLAN, Respondent, v. KAHN et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 17, 1902.) Action by John Scanlan against Emanuel S. Kahn and another.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, unless within 20 days plaintiff stipulates to reduce recovery of damages to the sum of $4,000, and extra allowance proportionately, in which case the judgment, as modified, is unanimously affirmed, without costs of this appeal to either party.

In re SCHENECTADY RY. CO. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) In the matter of the application of the Schenectady Railway Company. No opinion. Preliminary objections to the appointment of commissioners overruled, and the report of commissioners unanimously confirmed, with costs.

SCHNEIBLE, Respondent, v. TRAVELERS' INS. CO. OF HARTFORD et al. (SCHNIT-